**POLSINELLI LLP**
WESLEY D. HURST (SBN 127564)
whurst@polsinelli.com
ALLEGRA GORCHYNSKI (SBN 323010)
agorchynski@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

JOHN C. CLEARY
(*pro hac vice* forthcoming)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 413-2837
Facsimile: (212) 684-0197
john.cleary@polsinelli.com

JONATHAN E. SCHMALFELD
(*pro hac vice* forthcoming)
7676 Forsyth Boulevard, Suite 800
Clayton, Missouri 63105
Telephone: (314) 622-6621
Facsimile: (314) 667-3773
jschmalfeld@polsinelli.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN SERNA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

1-800-GOT-JUNK? LLC,

Defendant.

Case No. 5:24-cv-00047-HDV-MRW
[*Assigned For All Purposes to Hon. Hernán D. Vera, Courtroom 5B*]

**DEFENDANT 1-800-GOT-JUNK? LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

*[Filed concurrently with Defendant 1-800-Got-Junk? LLC's Notice of Motion to Dismiss; [Proposed] Order]*

Date: May 2, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Place: Courtroom 5B

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 3

- A. The Complaint is Legally Insufficient. ..... 3
  - 1. The Complaint Fails to Plead Key Elements of the Causes of Action ..... 3
  - 2. Plaintiff Does Not Plausibly Allege Any Return Calls to Him Were Recorded. ..... 5
  - 3. Plaintiff Does Not Plausibly Allege any Return Calls Were Recorded Without His Knowledge or Consent. ..... 7
- B. Plaintiff Fails to Plead a Plausible Factual Basis for a Confidential Communication Under Section 632. ..... 9

III. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3

*Bell v. Twombly*,
550 U.S. 554 (2007) .......... 3, 9

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 3

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .......... 9

*Davis v. Los Angeles W. Travelodge*,
No. CV 08-8279, CBM (CTx),
2009 WL 4260406 (C.D. Cal. Oct. 8, 2009) .......... 10

*Faulkner v. ADT Sec. Servs.*,
706 F.3d 1017 (9th Cir. 2013) .......... 10

*Kristensen v. Credit One Bank, N.A.*,
No. CV 14-7963 DMG, 2016 WL 11757832 (C.D. Cal. July 11, 2016) .......... 8

*Lopez v. Apple, Inc.*,
519 F. Supp. 3d 672 (N.D. Cal. 2021) .......... 7, 11

*Martin v. Sephora USA, Inc.*,
No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) .......... 5

*Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*,
306 F.3d 806 (9th Cir. 2002) .......... 10

*Meza v. City of Palm Springs*,
No. ED CV 1400509 SJO, 2014 WL 12965996 (C.D. Cal. June 26, 2014) .......... 6

*Moledina v. Marriott Int'l, Inc.*,
635 F.Supp.3d 941 (C.D. Cal. 2022) .......... 8

*Negro v. Superior Court*,
230 Cal. App. 4th 879, 892 (2014) .......... 8

*Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
No. 12-CV-01685-BAS(JLB), 2016 WL 4886933 (S.D. Cal. Sept. 15, 2016) .......... 8

*Reynolds v. City & County of San Francisco,*
576 Fed. Appx. 698, 703 (9th Cir. 2014) .......... 10

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 3, 5

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 3

*Valerie Torres v. 1-800-GOT-JUNK? LLC,*
No. 2:23-cv-02916-HDV-MRW .......... 1

*Troyer v. Yerba Mate Co., LLP*,
No. C 20-06065 WHA, 2020 WL 7122616 (N.D. Cal. Dec. 4, 2020) .......... 10

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 6

*United States v. Van Poyck*,
77 F.3d 285 (9th Cir. 1996) .......... 9

**Statutes**

Cal. Code Civ. Proc. § 340(a) .......... 2

Cal. Penal Code § 632 .......... 4, 8, 9

Cal. Penal Code § 632(a) .......... 4, 8

Cal. Penal Code § 632(c) .......... 4, 8

Cal. Penal Code § 632.7 .......... 4

Cal. Penal Code § 637.2(a) .......... 8

**Other Authorities**

Fed. R. Civ P. 8 .......... 4, 6

Fed. R. Civ P. 12 .......... 4, 5, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 1-800-GOT-JUNK? LLC ("Defendant") files this memorandum in support of its Motion to Dismiss.

## I. INTRODUCTION

On January 9, 2024, Plaintiff Justin Serna ("Plaintiff") filed his Complaint alleging violations of Sections 632 and 632.7 of the California Invasion of Privacy Act ("CIPA") "pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge." (Compl. at p. 1.)[1]

Defendant provides junk removal services throughout the United States. (*Id.* ¶ 12.) According to Plaintiff, Defendant utilizes "software provided by Invoca, Inc" to record calls with its customers (*id.* ¶¶ 15-19) and wrongfully records such calls without notice to customers or customer consent. (*Id.* ¶¶ 40, 41, 43, 51, 52, 53.) Plaintiff and the classes he purports to represent, however, are complaining only about a subset of such calls. Their suit is based solely on "Return Calls," that is, calls from Defendant to Plaintiff prompted by Plaintiff making contact with Defendant in the first place. (*Id.* ¶¶ 3, 13, 14, 22, 23, 25.) No class is sought to be certified and no relief is sought on an individual or class-wide basis for any other type of call, most conspicuously, any call to Defendant from Plaintiff or any other individual.

Plaintiff alleges he called Defendant in early 2021 and left a voice-mail (the "Initial Call"). (*Id.* ¶ 21.) Plaintiff does not allege Defendant failed to provide a recording disclosure as to the Initial Call, does not allege any of the content of the Initial Call, and does not allege any basis on which he would have had an expectation of privacy as to the Initial Call. (*See id.*) Plaintiff received a call-back within one hour (*Id.*) Nothing is alleged about this call either, including whether Plaintiff even

---

[1] This case is related to *Valerie Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-02916-HDV-MRW, which was filed on April 18, 2023, and voluntarily dismissed without prejudice on July 31, 2023. Defendant's motion to dismiss the *Torres* case was pending at the time of the voluntary dismissal and serves as the basis for the Motion to Dismiss in this *Serna* case, as the two complaints do not materially differ.

answered the phone. (*See id.*) Other call-backs ensued in approximately May 2021 and November 2021. (*Id.*) Nothing is alleged about these calls other than their approximate dates. (*See id.*)

Plaintiff got back in touch with Defendant in mid-2022, asking for a call-back, and received such a call-back a few days later:

> In or about June of 2022 Mr. Serna received a call from one of Defendant's customer service numbers pertaining to a request Mr. Serna submitted a few days prior. During the call, Mr. Serna discussed personal and confidential matters with one of Defendant's agents.

(*Id.*)

As with the Initial Call, Plaintiff does not allege Defendant failed to provide a recording disclosure when Plaintiff got back in touch in mid-2022, does not allege any of the content of this contact, and does not allege any basis on which he would have had an expectation of privacy as to this contact or the call-back that followed. (*See id.*) If anything, the Complaint implies the exact oppositive – that the alleged omission of a call recording disclosure and the alleged lack of consent were limited to Return Calls:

> The phone calls took place while Mr. Serna was physically present in California. During ***the calls Defendant placed to him***, Mr. Serna was never told that the calls were being recorded, and he never consented to those recordings.

(*Id.* ¶ 22 (emphasis added).)

Based solely on the Return Calls, Plaintiff brings a putative class action for violation of Sections 632 and 632.7 on behalf of himself and a putative class of individuals "who, while physically present in California, participated in an inbound telephone call with Got-Junk or one of its agents." (*Id.* ¶¶ 27, 28 (limiting classes to recipients of inbound calls, *i.e.*, individuals who received a call from Defendant).)

## II. ARGUMENT

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Further, insofar as the challenged actions of Defendant took place more than one year before suit was filed, Plaintiff's claims are barred by the one-year statute of limitations under Cal. Code Civ. Proc. § 340(a). *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (CIPA statute of limitations is one year pursuant to Cal. Code Civ. Proc. § 340(a)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, a court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

### A. The Complaint is Legally Insufficient.

#### 1. The Complaint Fails to Plead Key Elements of the Causes of Action.

Plaintiff bears the burden of pleading a plausible factual basis for each element of his claims under CIPA. He has failed to do so. CIPA and its references to context, expectations, and circumstances all but categorically prohibit what is being attempted here – an effort to "plead around" CIPA and its one-year statute of limitations by alleging a surprise discovery in 2023 of unconsented call recording of Return Calls from Defendant to Plaintiff. (Compl. ¶ 25.) This artful and selective pleading attacks Return Calls yet downplays and ignores the vitally important context, knowledge, consent, and expectations created by both kinds of calls with Plaintiff, allegedly stretching back nearly four years.

The Complaint is also laden with factual allegations having nothing to do with Plaintiff's claims, while at the same time glossing over or omitting matters of context and circumstance that are required pleading elements under CIPA. As such, there is no plausible allegation that any Return Call from Defendant to Plaintiff was recorded or, even if there were, that any such recording was done without Plaintiff's knowledge or consent. Further, as to Count I, Plaintiff fails to plead any semblance of a plausible factual basis for a "confidential communication," both as mandated under Section 632 and expressly excluded by Section 632.7. *See* CIPA Section 632(c) ("'confidential communication' means any communication ***carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto***, but excludes a communication ***made in a public gathering*** or in any legislative, judicial, executive, or administrative proceeding open to the public, ***or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded***.") (emphasis added).

This selective recitation of pleaded facts falls short of the Rule 8 and Rule 12 pleading requirements, which require a plaintiff to plead enough detail to allow a defendant to formulate a responsive pleading or motion. For example, the Eastern District of California has explained:

> Plaintiff's failure to identify the date of the at-issue incident, beyond the vague assertion that the purported violation occurred sometime 'within the past year' also renders the complaint and alleged causes of action impermissibly vague. . . . Such allegation fails to provide enough detail to guide discovery, for this reason, too, the complaint runs afoul of Rule 8 and must be dismissed.

*See Martin v. Sephora USA, Inc.*, No. 1:22-CV-01355-JLT-SAB, 2023 WL 2717636, at *6 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted,* No. 1:22-CV-01355-JLT-SAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023) (internal citations omitted).

**2. Plaintiff Does Not Plausibly Allege Any Return Calls to Him Were Recorded.**

Counts I (Section 632) and II (Section 632.7) require an underlying call recording. Cal. Penal Code §§ 632(a) ("A person who . . . uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ."); 632.7(a) ("Every person who . . . intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication . . . ."). In support of this element, Plaintiff alleges: "Defendant records and monitors customer calls through a software platform developed by Invoca, and potentially other platforms as well." (Compl. ¶ 16.)

There are several problems with this. First, the broad-brush allegations about recordation of inbound and outbound calls by Defendant (*Id.* ¶¶ 40, 41, 43, 51, 52, 53) are not supportive of or even relevant to the actual claims pleaded by Plaintiff, which are limited to Return Calls.

Second, the Complaint's allegations about Invoca suffer from the same relevance and materiality problems. On their face, they pertain solely to calls to Defendant from individuals and not the Return Calls being challenged by Plaintiff.

Third, on closer inspection, the pleaded allegations about Invoca do not have anything to do with "call recording" but instead refer to "manual recording" of call

"outcomes." The cited Invoca "advertising brochure" states:

> When a potential customer uses one of the call center numbers on the 1-800-GOT-JUNK? website, an agent responds and *manually records the call outcome* in the company's customer relationship management (CRM) platform.

(*Id.* ¶ 19 and n. 4 (citing https://assets-global.website-files.com/5dfbb65fcb94d5455876bad9/5f470ec01a4808358ec39317_Invoca-Case_Study-1-800-GOT-JUNK.pdf) (emphasis added).)[2] Indeed, the study makes no mention of call recording,[3] which is significant given that "Recording & Transcription" is only one of a number of products and services Invoca offers. (*See id.* at n. 3 (citing https://www.invoca.com/product/call-recordings-and-transcriptions (listing various products offered under "Product" tab including marketing attribution, medial optimization, lost sales recovery, automated quality assurance, and coaching and performance services)).)

Fourth, and finally, the Invoca brochure has apparently been publicly available on the Internet for three and a half years, as it is a PDF created in August 2020.[4] This alone would defeat Plaintiff's claims as untimely under the applicable one-year statute of limitations. If the Invoca brochure had anything to do with the

---

[2] The link in the Complaint is no longer functional. However, through use of the on-line Wayback Machine (**www.archive.org**) (Internet Archive: WayBack Machine), a copy of the cited Invoca study can be found at Plaintiff's cited link as of September 23, 2020. A true and correct copy of this study along with screenshots showing its metadata as relevant is attached to this Memorandum as **Exhibit A**.

[3] In considering a motion to dismiss under Rule 12(b)(6), the court may consider documents incorporated by reference in the complaint. (*Meza v. City of Palm Springs*, No. ED CV 1400509 SJO (SPx), 2014 WL 12965996, at *1 (C.D. Cal. June 26, 2014) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).) Contradictions between materials incorporated into a complaint and the pleaded allegations are to be resolved in favor of the incorporated materials. (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. . . . We have held that a plaintiff can—as [Plaintiff] has done here—plead himself out of a claim by including unnecessary details contrary to his claims.").)

[4] The metadata for the on-line version of the document (Ex. A) indicates it was created and last edited in August 2020. *See* Note 2 above.

claims pleaded by Plaintiff, which it does not, the three-plus year lapse of time before filing suit would alone be fatal to Plaintiff's case.[5]

Plaintiff has thus pleaded no plausible factual support for an essential element of both of his claims – that any of the alleged Return Calls to him were recorded.[6] And, for this same reason, Plaintiff's alleged "harm is overly speculative" and insufficient to establish Article III standing or a basis for suit on the merits. *See Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 689 (N.D. Cal. 2021) (dismissing CIPA claims for lack of Article III standing because the article relied on to allege communications were recorded failed to "plausibly suggest" that all Apple devices were being recorded).

**3. Plaintiff Does Not Plausibly Allege any Return Calls Were Recorded Without His Knowledge or Consent.**

The Complaint nevertheless projects confidence that there has been call recording of Return Calls to Plaintiff by Defendant. Even if true, these averments do not exist in a vacuum and need to be correlated with all of the pleaded phone calls and the state of knowledge and expectations of Plaintiff. Obviously, if Plaintiff knew or had reason to know there was call recording underway by Defendant at the time of the Return Calls, there is no case here.

Indeed, for at least two reasons, the Complaint can be reasonably interpreted to say just that. First, as stated above, the Return Calls are expressly pleaded as being devoid of any notification of recording while the Initial Call is not characterized this way at all. (*Compare* Compl. ¶ 22 ("*During the calls Defendant placed to him [i.e., the Return Calls], Mr. Serna was never told that the call was being recorded*, and

[5] The Complaint's reference to alleged recordation of "customer calls through . . . potentially other platforms as well" (Compl. ¶ 16) has the same flaws as the citations to Invoca and is impermissibly vague in any event under Rule 8 and Rule 12.

[6] Given the lack of a pleaded factual basis for this point, it is no answer to say that call recording of Return Calls to Plaintiff should be "inferred" or deemed in place by virtue of Plaintiff's "personal knowledge," "information and belief," "the investigation of his counsel," or a briefing from his counsel on November 3, 2023. (Compl. at p. 1 and ¶ 25.)

he never consented to those recordings." (emphasis added)), *with* Compl. ¶ 21 ("Mr. Serna contacted Defendant's customer service number . . . .").) The reasonable interpretation of this contrast is that the Initial Call included notice of recording and the Return Calls did not. *See Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016) ("In the typical implied in fact consent scenario, a party is informed that his call will be recorded, and he continues to use the communication system after receiving notice the communications are being intercepted." (citing *Negro v. Superior Court*, 230 Cal. App. 4th 879, 892 (2014))).

Second, the Complaint conspicuously omits any explanation or chronology around how or when Plaintiff gained actual or constructive knowledge of call recording by Defendant. Here too, it is no answer to suggest that Plaintiff's obliviousness to recording or non-consent to recording should be "inferred" or deemed in place by virtue of Plaintiff's "personal knowledge," "information and belief" or "the investigation of his counsel." The Complaint says nothing of the sort. Without a clear and plausibly pleaded demarcation between Plaintiff's alleged lack of knowledge of recording and his subsequent acquisition of such knowledge, the only reasonable interpretation of the Complaint is that his actual and constructive knowledge and consent to recording dated back to the Initial Call. And, to the extent Plaintiff knew or believed there may have been call recording by Defendant at the time of the Initial Call or the Return Calls, there is simply no case here. *See, e.g., Moledina v. Marriott Int'l, Inc.*, 635 F.Supp.3d 941, 953 (C.D. Cal. 2022) (explaining that "callers who never heard the [d]isclosure, but actually expected the calls to be recorded, may have implicitly consented to the recording by the very act of making the call."); *Kristensen v. Credit One Bank, N.A.*, No. CV 14-7963 DMG (AJWx), 2016 WL 11757832, at *5 (C.D. Cal. July 11, 2016) ("a party's awareness that he or she is being recorded may establish that the party impliedly consented to the recording."); *Nei Contracting & Eng'g, Inc.*, 2016 WL 4886933 ("Consent may

be express or may be implied in fact from the surrounding circumstances indicating that [the party to the call] knowingly agreed to the surveillance." (quoting *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996))).

Thus, given the contradictions and gaps on the face of the Complaint, there can be nothing actionable here about Return Calls to Plaintiff including no cognizable injury or traceability for Article III standing purposes. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013) ("self-inflicted injuries are not fairly traceable" and therefore do not give rise to standing). Further, Plaintiff has failed to plead a cognizable injury as required under Section 637.2. Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action . . . ."). As such, the Complaint should be dismissed in its entirety for lack of standing, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and as barred by the statute of limitations.

**B. Plaintiff Fails to Plead a Plausible Factual Basis for a Confidential Communication Under Section 632.**

Count I must also be dismissed because Plaintiff has failed to plead a "confidential communication" as required by the statute. Section 632(a) provides: "A person who, intentionally and without the consent of all parties to a *confidential* communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ." Cal. Penal Code § 632(a) (emphasis added).

Plaintiff alleges he believed his communications were "confidential" as defined by Section 632(c) solely "[b]ecause Defendant did not disclose that its calls to Mr. Serna were being recorded." (Compl. ¶ 23.) But the law is clear that a mere failure to warn is insufficient. Indeed, the very subsection Plaintiff cites expressly excludes "any communication carried on in circumstances . . . in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c).

For example, in *Reynolds v. City & County of San Francisco*, the Ninth Circuit held that the plaintiff employee had no reasonable expectation of privacy (and thus no cognizable claim under Section 632) in a phone call he took at his desk in a "shared open workspace, during a time of day when others were likely to be present." 576 Fed. Appx. 698, 703 (9th Cir. 2014) (citing *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 814 (9th Cir. 2002) (concluding there was no reasonable expectation of privacy where corporate-related topics were discussed in a professional setting)); *see also Davis v. Los Angeles W. Travelodge*, No. CV 08-8279 CBM (CTx), 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) ("Here, the communication at issue occurred between Defendant's desk clerk and Plaintiff. The communication took place in the hotel lobby, which is a public place. Given the location of the communication and the nature of the conversation, the desk clerk could have no reasonable expectation that his conversation was not being overheard or recorded.").

Plaintiff's failure to plead the circumstances of the calls at issue warrants dismissal. As the Northern District of California has explained:

> In short, the complaint does not allege facts regarding any particular communication or conversation, let alone facts surrounding the attendant circumstances of any such communications, which would allow this order to make any conclusions regarding confidentiality. As such, plaintiff has failed to plead facts nudging his claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570. Given this threshold deficiency, this order does not reach defendants' argument regarding whether or not plaintiff has sufficiently alleged intentionality under Section 632.

*Troyer v. Yerba Mate Co., LLP*, No. C 20-06065 WHA, 2020 WL 7122616, at *2 (N.D. Cal. Dec. 4, 2020); *see also Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1020 (9th Cir. 2013) ("too little is asserted in the complaint about the particular relationship between the parties, and the particular circumstances of the call, to lead to the plausible conclusion that an objectively reasonable expectation of

confidentiality would have attended such a communication. [Plaintiff] has therefore failed to 'nudge[]' his claim 'from conceivable to plausible.'" (internal citations omitted)); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 689 (N.D. Cal. 2021) ("iPhones are frequently used in public settings, and Plaintiffs have not alleged that they used them in private settings that justify such an expectation [of confidentiality]. Plaintiffs have therefore not sufficiently alleged confidentiality.").[7]

## III. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Complaint be dismissed in its entirety.

Respectfully Submitted,

Dated: March 4, 2024

**POLSINELLI LLP**

By: ______________________

Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

[7] This is especially true since Plaintiff's allegations contradict a reasonable expectation of confidentiality. Indeed, as stated above, the Complaint can be reasonably interpreted as indicating Plaintiff's knowledge and consent to call recording dated back to the Initial Call.

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant 1-800-GOT-JUNK? LLC certifies that this brief contains 4,299 words as determined using the "word count" function in Microsoft Word, which complies with the word limit of L.R. 11-6.1.

Respectfully Submitted,

Dated: March 4, 2024

**POLSINELLI LLP**

By: ______________________
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7-3**

Pursuant to Section IX.A of the Court's Civil Standing Order (ECF 14) and Local Rule 7-3, the undersigned counsel for Defendant 1-800-GOT-JUNK? LLC hereby certifies that counsel for all parties met and conferred in good faith on February 27, 2024, and at other times in advance of February 27, 2024, concerning the matters raised in this motion and were not able to resolve such matter.

Respectfully Submitted,

Dated: March 4, 2024

**POLSINELLI LLP**

By: ______________________

Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

On March 4, 2024, I served a true copy of the following document described as **DEFENDANT 1-800-GOT-JUNK? LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** on interested parties in this action as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiff*** |

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 4, 2024, at Los Angeles, California.

Cindy Cripe