**POLSINELLI LLP**
WESLEY D. HURST (SBN 127564)
whurst@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

JOHN C. CLEARY
(*pro hac vice* forthcoming)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 413-2837
Facsimile: (212) 684-0197
john.cleary@polsinelli.com

CATHERINE A. GREEN
(*pro hac vice* forthcoming)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
cgreen@polsinelli.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN SERNA, AARON RODRIGUEZ, REYHANEH MANSOORI, BRIAN MURPHY, GARY PALMER, JUSTIN BARNES, and AMELIA AMPONSEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

1-800-GOT-JUNK? LLC,

Defendant.

Case No. 5:24-cv-00047-HDV-MRW
[*Assigned to Hon. Hernán D. Vera, Courtroom 5B*]

DEFENDANT 1-800-GOT-JUNK? LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

*[Filed concurrently with Defendant 1-800-Got-Junk? LLC's Notice of Motion to Dismiss; Declaration of T. Peerless; [Proposed] Order]*

Date: July 11, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Place: Courtroom 5B

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 1-800-GOT-JUNK? LLC ("Defendant") files this memorandum of points and authorities in support of its Motion to Dismiss the First Amended Class Action Complaint (the "Amended Complaint").

## I. INTRODUCTION

No less than eight individuals have stepped forward in the past year to lead a class action lawsuit against Defendant for alleged violations of the California Invasion of Privacy Act ("CIPA"). On April 18, 2023, Valerie Torres sued "individually and on behalf of all others similarly situated." *Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-02916-HDV-MRW (April 18, 2023), ECF No. 1. On June 15, 2023, Defendant, having first abided by the "meet and confer" requirements of this Court, moved to dismiss for lack of standing and failure to state a claim upon which relief can be granted. *Id.*, ECF No. 14. Thereafter, Defendant provided Ms. Torres's counsel (the same counsel representing Plaintiffs here) with copies of the call recordings with Ms. Torres, all of which contained an automated notification that the call was being recorded. Four days later, on July 31, 2023, Ms. Torres voluntarily dismissed her case without prejudice. *Id.*, ECF No. 24.

Plaintiff No. 2, Justin Serna, stepped forward on January 9, 2024, filing the current case "individually and on behalf of all others similarly situated." (Class Action Compl., ECF No. 1.) Mr. Serna designated this case as related to the *Torres* case on February 13, 2024. (Notice of Related Case, ECF No. 12.) The case was thereafter transferred to this Court from the Honorable Stanley Blumenfeld, Jr. on February 15, 2024. (Notice of Transfer, ECF No. 13.) On March 4, 2024, Defendant, having again abided by the "meet and confer" requirements of this Court,[1] moved to dismiss. (Mot. to Dismiss, ECF No. 15.) In lieu of opposing the motion, Mr. Serna amended his Complaint on March 25, 2024, introducing Plaintiff Nos. 3, 4, 5, 6, 7, and 8: (3) Aaron Rodriguez; (4) Reyhaneh Mansoori; (5) Brian Murphy; (6) Gary Palmer; (7) Justin Barnes; and (8) Amelia Amponsem a/k/a Amelia Amponsen.[2] (Am. Compl., ECF No. 17.)

---

[1] These "meet and confer" discussions also incorporated the prior "meet and confer" discussions in the *Torres* case. Additionally, on a pre-suit basis, Mr. Serna's counsel had provided Mr. Serna's telephone number to counsel for Defendant in November 2023.

[2] The case caption identifies "Amelia Amponsem," but Paragraph 13 identifies "Amelia Amponsen."

Factual investigation by Defendant, based on the information available, has again determined, as in the *Torres* case, that there is no basis for subject matter jurisdiction here and no basis for suit by any of the seven newest plaintiffs. Further "meet and confer" efforts on that basis were undertaken but concluded without resolving the case or any of the issues presented.

## II. ARGUMENT

Counts I (CIPA Section 632) and II (CIPA Section 632.7) of the Amended Complaint require an underlying call recording without notice or consent of the individual involved. Cal. Penal Code §§ 632(a) ("A person who, intentionally and without the consent of all parties . . . uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ."); 632.7(a) ("Every person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication . . . .").

Here, Defendant's search of its systems, based on the information available, has determined that: (i) there was one call recording for Plaintiff Serna that included an automated warning that "all calls are being recorded"; (ii) there was one call recording for an individual named Brian Murphy (who may or may not be Plaintiff Murphy) that included an automated warning that "all calls are being recorded"; and (iii) there were no call records or call recordings for the five (5) remaining Plaintiffs for the time frames alleged in the Amended Complaint (Aaron Rodriguez, Reyhaneh Mansoori, Gary Palmer, Justin Barnes, and Amelia Amponsem a/k/a Amelia Amponsen). (Declaration of Thomas Peerless, attached as **Exhibit A.**) As such, at a minimum, Plaintiffs' claims must be dismissed for lack of a pleaded factual basis for injury-in-fact and other required elements of standing to sue under Article III.[3]

### A. Standard For Motion To Dismiss Under Rule 12(b)(1)

A defendant may move to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Byars v. Sterling Jewelers, Inc.*, No.

[3] In the alternative, insofar as the challenged actions of Defendant took place more than one year before suit was filed, Defendant also moves to dismiss pursuant to Rule 12(b)(6) on the grounds that Plaintiffs' claims are barred by the one-year statute of limitations. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (CIPA statute of limitations is one year pursuant to Cal. Code Civ. Proc. § 340(a)).

5:22-CV-01456-SB-SP, 2023 WL 2996686, at *2 (C.D. Cal. Apr. 5, 2023), *judgment entered*, No. 5:22-CV-01456-SB-SP, 2023 WL 3016225 (C.D. Cal. Apr. 5, 2023), *reconsideration denied*, No. 5:22-CV-01456-SB-SP, 2023 WL 4195768 (C.D. Cal. May 18, 2023).

"A jurisdictional challenge under Rule 12(b)(1) may be facial or factual." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In resolving a factual attack, a court "'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment' and 'need not presume the truthfulness of the plaintiff's allegations.'" *Id.* When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

To establish "the irreducible constitutional minimum" of standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at *2. "To establish an injury in fact, a plaintiff must show 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

**B. Plaintiffs Have No Factual Basis for their Claims of Injury-in-Fact.**

Defendant conducted a search for each Plaintiff in Defendant's call records and recordings. (Decl. of T. Peerless at ¶ 5.)

First, Defendant searched its systems for a phone number (ending in 1252), which Plaintiffs' counsel identified as belonging to Justin Serna. (*Id.* at ¶ 6.) That search identified only one call, which took place on June 29, 2022. (*Id.*) The recording for that call begins with an automated message, which states in part: "Hi, its Lisa from Legal. Just letting you know all calls are recorded for quality assurance purposes." (*Id.*)

Second, Defendant searched its systems for the names of the remaining Plaintiffs: (1) Aaron Rodriguez; (2) Reyhanah Mansoori; (3) Brian Murphy; (4) Gary Palmer; (5) Justin Barnes; and (6) Amelia Amponsem a/k/a Amelia Amponsen. (*Id.* at ¶¶ 7-12.) That search identified one call recording for the Summer of 2023 for an individual named "Brian Murphy." (*Id.* at ¶ 9.) The

recording begins with an automated message, which states in part: "Hi, its Lisa from Legal. Just letting you know all calls are recorded for training, coaching, and quality assurance purposes." (*Id.*) For the remaining Plaintiffs (Aaron Rodriguez, Reyhanah Mansoori, Gary Palmer, Justin Barnes, and Amelia Amponsem a/k/a Amelia Ampsonsen), that search identified zero (0) call records during the pleaded timeframes. (*Id.* at ¶¶ 7, 8, 10, 11, 12.)

The following table summarizes the results of Defendant's search:

| **Plaintiff** | **Record of Pleaded Call** | **Recording** | **Warning** |
|---|---|---|---|
| **Justin Serna** | Yes | Yes | Yes |
| **Aaron Rodriguez** | No | No | N/A |
| **Reyhaneh Mansoori** | No | No | N/A |
| **Brian Murphy** | Yes[4] | Yes | Yes |
| **Gary Palmer** | No | No | N/A |
| **Justin Barnes** | No | No | N/A |
| **Amelia Amponsem a/k/a Amelia Amponsen** | No | No | N/A |

(*Id.* at ¶¶ 5-15.)

Accordingly, because Defendant has introduced evidence establishing it has no record of the pleaded calls with Aaron Rodriguez, Reyhanah Mansoori, Gary Palmer, Justin Barnes, and Amelia Amponsem a/k/a Amelia Ampsonsen and further establishing the pleaded calls with Justin Serna and Brian Murphy had the requisite notice, the burden shifts to Plaintiffs "to produce evidence in support of [their] jurisdictional allegations." *Byars v. Sterling Jewlers, Inc.*, No. 5:22-cv-01456-SB-SP, 2023 WL 2996686, at *2 (C.D. Cal. April 5, 2023). Absent such evidence, Plaintiffs' claims must be dismissed. *Id.* (finding Plaintiff failed to meet her burden to establish subject matter jurisdiction over CIPA claim because Plaintiff "produce[d] neither a declaration nor

[4] Defendant is unable to confirm whether this call is in fact associated with Plaintiff Murphy rather than a different individual with the same name. (Decl. of T. Peerless at ¶ 9.)

any other evidence to support her conclusory allegation that she engaged in communications using Defendant's chat feature" and finding "On this record, there is no evidence that Plaintiff engaged in any communication with Defendant's chat feature, much less that she disclosed private information or was injured by any conduct of Defendant . . . .").

## III. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court dismiss Plaintiffs' Amended Complaint in its entirety.

Respectfully submitted,

Dated: May 8, 2024

**POLSINELLI LLP**

By: */s/ Wesley D. Hurst*
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant 1-800-GOT-JUNK? LLC certifies that this brief contains 1,949 words as determined using the "word count" function in Microsoft Word, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: May 8, 2024

**POLSINELLI LLP**

By: */s/ Wesley D. Hurst*
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

On May 8, 2024, I served a true copy of the following document described as **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on interested parties in this action as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiffs*** |

☐ **(BY MAIL)** By placing such document in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Polsinelli LLP following ordinary business practice. I am readily familiar with the practice at Polsinelli LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 8, 2024, at Los Angeles, California.

Cindy M Cripe

Cindy Cripe