**POLSINELLI LLP**
WESLEY D. HURST (SBN 127564)
whurst@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

JOHN C. CLEARY
(admitted *pro hac vice*)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 413-2837
Facsimile: (212) 684-0197
john.cleary@polsinelli.com

CATHERINE A. GREEN
(*pro hac vice* forthcoming)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
cgreen@polsinelli.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN SERNA, AARON RODRIGUEZ, REYHANEH MANSOORI, BRIAN MURPHY, GARY PALMER, JUSTIN BARNES, and AMELIA AMPONSEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

1-800-GOT-JUNK? LLC,

Defendant.

Case No. 5:24-cv-00047-HDV-MRW
[*Assigned to Hon. Hernán D. Vera, Courtroom 5B*]

DEFENDANT 1-800-GOT-JUNK? LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

*[Filed concurrently with Declaration of M. DiFilippo]*

Date: July 11, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Place: Courtroom 5B

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 1-800-GOT-JUNK? LLC ("Defendant") files this reply in support of its Motion to Dismiss the First Amended Class Action Complaint (the "Amended Complaint").

Defendant has moved to dismiss based largely on a factual challenge to this Court's subject matter jurisdiction, a challenge supported by the Declaration of Thomas Peerless.[1] Opposing dismissal, not a single Plaintiff has filed an affidavit or declaration controverting Mr. Peerless's facts or providing factual support for this Court's exercise of jurisdiction. Rather, the Opposition brief contends that Defendant's arguments are premature "merits" arguments not yet justiciable by this Court, then goes on to profess disbelief that Defendant has negated the existence of subject matter jurisdiction by way of the Peerless Declaration. Plaintiffs also submit a Declaration from their lead counsel, F. Timothy Fisher, speculating that information helpful to Plaintiffs' efforts to establish subject matter jurisdiction may reside with one of Defendant's outside vendors, Invoca, Inc. ("Invoca").

None of these points withstand scrutiny, particularly in view of the 14-month history of this litigation and its predecessor related case (*Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-02916-HDV-MRW (April 18, 2023)). Perhaps most astonishing, Plaintiffs' Opposition faults Defendant's search for the six new individuals in Defendant's records, claiming Defendant should have tried harder and searched by using the individuals' telephone numbers. As explained below, however, these numbers were requested from Plaintiffs' counsel on March 28, 2024, and May 1, 2024, but the requests were denied on both occasions. These refusals were reiterated in the required pre-motion meet and confer process.[2]

## ARGUMENT

### I. THIS CASE MUST BE DISMISSED FOR LACK OF STANDING.

#### A. Standing is Not "Inextricably Intertwined" with the Merits of Plaintiffs' CIPA Claims.

Plaintiffs contend that the Court cannot address Defendant's Motion because "Defendant's

---

[1] The additional grounds for dismissal, *i.e.*, that the claims are barred by the statute of limitations, are in the motion and will not be further addressed here.

[2] Local Rule 7-3 requires parties to meet and confer to discuss "the substance of the contemplated motion and any potential resolution." The Court's Civil Standing Order reiterates this requirement. (Standing Order at IX.A.)

jurisdictional attacks on Plaintiffs' standing are inextricably intertwined with their CIPA claims." (Opp'n at 4.) In support, Plaintiff relies on a line of cases that are wholly inapplicable. For example, in *Safe Air for Everyone*, the district court dismissed under Rule 12(b)(1) after determining that "grass residue" did not constitute "solid waste" under the federal statute at issue. Significantly, the cited statute was itself the basis for federal jurisdiction. Indeed, the Ninth Circuit explained:

> We have held that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." **The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief**."

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted) (emphasis added). In *Acevedo v. C & S Plaza Ltd. Liab. Co.*, the Ninth Circuit reiterated this standard:

> [W]e conclude that jurisdictional findings are inappropriate here because Title III of the ADA provides both federal subject matter jurisdiction and the basis for a claim for relief.

*Acevedo v. C & S Plaza Ltd. Liab. Co.*, No. 20-56318, 2021 WL 4938124, at *2 (9th Cir. Oct. 22, 2021); *see also Vera v. Bureau of Indian Affs.*, 738 F. App'x 431 (9th Cir. 2018) (jurisdiction premised on 28 U.S.C. § 1346); *Sapan v. Shore Capital Corp.*, 2024 U.S. Dist. LEXIS 98458, at *13-14 (C.D. Cal. May 31, 2024) (finding merits and jurisdiction intertwined in Telephone Consumer Protection Act case). That same rule simply does not apply here as this case involves a California statute that does not confer federal jurisdiction.

### B. Faced With a Factual Challenge to Standing, Plaintiffs Cannot Merely Cite Their Own Complaint.

Motions to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction have clear rules. *See, e.g., Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *2 (C.D. Cal. Apr. 5, 2023), *judgment entered*, No. 5:22-CV-01456-SB-SP, 2023 WL 3016225 (C.D. Cal. Apr. 5, 2023), *reconsideration denied*, No. 5:22-CV-01456-SB-SP, 2023 WL 4195768 (C.D. Cal. May 18, 2023). In resolving a factual attack on subject matter jurisdiction, a court "'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment' and 'need not presume the truthfulness of

the plaintiff's allegations.'" *Id.* When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

Contrary to these requirements, Plaintiffs claim only that they have sufficiently pled that Defendant violated CIPA. (Opp'n at 8.) In doing so, Plaintiffs cite *Portillo v. J.D. Mellberg Fin. Of Texas, L.L.C.*, 2017 WL 11634948, at *2 (C.D. Cal. Aug. 31, 2017). (Opp'n at 8.) But that case interpreted whether the plaintiff had satisfied Rule 8's pleading requirements – not whether the plaintiff had satisfied its burden in response to a factual challenge to standing. The same is true of both *Mendez v. Optio Sols., LLC*, and *Romani v. Shearson Lehman Hutton*, which involved Rule 12(b)(6) and Rule 9(b), respectively. (Opp'n at 9 (citing *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015 (S.D. Cal. 2016); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 876 (1st Cir. 1991).) These cases are irrelevant to Plaintiffs' burden when faced with a factual attack on Article III standing. Indeed, the law is clear. Now that Defendant has presented evidence that Plaintiffs lack standing, Plaintiffs must "furnish affidavits or other evidence necessary to satisfy [their] burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Plaintiffs have failed to do so, and the Motion should be granted on this basis.

## II. EACH PLAINTIFF MUST BE DISMISSED.

### A. The Uncontroverted Evidence Establishes Plaintiff Serna Was Notified "All Calls" Are Recorded.

Defendant's declaration states:

> We ran a search of Plaintiff Serna's telephone number, as provided by his counsel, for calls to or from his number (xxx-xxx-1252). That search identified one (1) call record, from Mr. Serna's number to 1-800-GOT-JUNK?, which took place on June 29, 2022, as well as a recording of this call. I have listened to that recording. The recording begins with an automated message, which states in part: "Hi, its Lisa from Legal. Just letting you know all calls are recorded for quality assurance purposes." Shortly after this message, the caller hung up without saying anything, and the recording terminated. Our search did not locate any other call records from Mr. Serna's number to 1-800-GOT-JUNK? or from 1-800-GOT-JUNK? to Mr. Serna's number.

(Decl. of T. Peerless at ¶ 6, ECF No. 22.)

Plaintiff Serna has presented no evidence to controvert this. (*See generally* Opp'n.) The

uncontroverted evidence thus establishes that Mr. Serna received a warning from Defendant on June 29, 2022, that "**all calls** are recorded for quality assurance purposes." (Decl. of T. Peerless at ¶ 6 (emphasis added).) The Court should therefore dismiss Plaintiff Serna's claims for lack of Article III standing.

### B. The Uncontroverted Evidence Establishes Defendant Can Only Locate Call Recordings Containing a Warning as to Plaintiffs Rodriguez, Mansoori, Murphy, Palmer, Barnes, and Amponsem.

Defendant's declaration also supports the following uncontroverted facts:

| Plaintiff | Record of Pleaded Call | Recording | Warning |
|---|---|---|---|
| **Aaron Rodriguez** | No | No | N/A |
| **Reyhaneh Mansoori** | No | No | N/A |
| **Brian Murphy** | Yes[3] | Yes | Yes |
| **Gary Palmer** | No | No | N/A |
| **Justin Barnes** | No | No | N/A |
| **Amelia Amponsem a/k/a Amelia Amponsen** | No | No | N/A |

(Decl. of T. Peerless at ¶¶ 7-12.) Again, the Opposition does nothing to controvert this and, as such, has waived any argument to the contrary.

## III. PLAINTIFFS' CRITIQUES OF DEFENDANT'S EVIDENCE ARE UNRESPONSIVE AND UNFOUNDED.

Without responsive evidence of their own, Plaintiffs resort to critiques of Defendant's evidence. These critiques are unfounded.

### A. Plaintiffs Refused to Provide Their Telephone Numbers.

Plaintiffs argue Defendant's evidence is "full of gaps" because Defendant did not search its records based on Plaintiffs' telephone numbers. (Opp'n 6-7.) But the newest six Plaintiffs brought about these gaps by, contrary to past practice,[4] refusing to disclose their telephone

[3] Because Plaintiff Murphy has refused to provide his telephone number, Defendant is unable to confirm whether this call is in fact associated with Plaintiff Murphy rather than a different individual with the same name. (Decl. of T. Peerless at ¶ 9.)

[4] On April 18, 2023, Valerie Torres brought her putative class action against Defendant. *Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-02916-HDV-MRW (April 18, 2023), ECF No. 1. After obtaining Ms. Torres's phone number from Plaintiffs' counsel, Defendant provided Plaintiffs' counsel with copies of the call recordings with Ms. Torres, all of which contained an automated notification that the call was being recorded. Shortly thereafter, on July 31, 2023, Ms. Torres voluntarily dismissed her case without prejudice. *Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-

numbers in the meet and confer process.[5]

On March 25, 2024, Plaintiffs amended the Serna Complaint to add six more Plaintiffs not previously made known to Defendant: (1) Aaron Rodriguez; (2) Reyhaneh Mansoori; (3) Brian Murphy; (4) Gary Palmer; (5) Justin Barnes; and (6) Amelia Amponsem a/k/a Amelia Amponsen.[6] (Am. Compl., ECF No. 17.) Three days later, on March 28, 2024, Defendant requested telephone numbers for these individuals. Plaintiffs' counsel refused. On May 1, 2024, Defendant reiterated its request. And again, Plaintiffs' counsel refused. Now, ignoring their refusal to provide this information, Plaintiffs urge the lack of telephone number searches as a basis to deny Defendant's Motion. The Opposition includes the following critique:

> Defendant's search of its "systems" was conducted based on the Plaintiffs' names, rather than more reliable information – such as their **phone numbers**.

(Opp'n at 6 (emphasis added).) And:

> How could Defendant conclusively determine that Plaintiffs' calls were captured within this limited parameter without possessing Plaintiffs' **phone numbers** . . . ?

(Opp'n at 6-7 (emphasis added).) To be clear, Plaintiffs urge the Court to deny Defendant's Motion because Defendant did not search its records based on the telephone numbers Plaintiffs refused to provide.

This nonsensical argument runs afoul of the Court's Standing Order and Local Rule 7-3 and is in direct contravention of Ninth Circuit law. Indeed, the cases Plaintiffs rely on support *Defendant's* position. For example, the defendant in *Romero* plainly had access to the telephone numbers at issue. *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1087 (S.D. Cal. 2016). The six newest Plaintiffs should not on the one hand be permitted to withhold their telephone numbers and on the other argue that Defendant's evidence is insufficient because Defendant did not search using those same telephone numbers.

---

02916-HDV-MRW (April 18, 2023), ECF No. 24. On November 14, 2023, Plaintiffs' counsel identified additional potential claimants and supplied their telephone numbers shortly thereafter. One of these individuals was Plaintiff Justin Serna. On January 9, 2024, Plaintiffs' counsel filed this suit on behalf of Mr. Serna. (Class Action Compl., ECF No. 1.)

[5] To his credit, Plaintiff Serna disclosed his telephone number, allowing Defendant to conclusively and without rebuttal establish Serna's lack of injury-in-fact and lack of standing. This is how the meet and confer process is supposed to work – and how it has worked previously in this litigation.

[6] The caption of the Amended Complaint identifies "Amelia Amponsem," but Paragraph 13 identifies "Amelia Amponsen."

Similarly, in *Williams v. Facebook, Inc.*, the Court found that it was "inappropriate" to expect the plaintiffs to produce evidence to counter Facebook's factual attack because the information was "wholly within Facebook's control." *Williams v. Facebook, Inc.*, 498 F. Supp. 3d 1189, 1198 (N.D. Cal. 2019). Here, the evidence necessary – Plaintiffs' phone numbers – is wholly *outside Defendant's* control.

**B. Invoca Did Not Record Any Calls between Plaintiffs and Defendant.**

Citing only the Declaration of their counsel, Plaintiffs claim Defendant's search was insufficient because it did not search Invoca's platform and servers. (Opp'n at 7 (citing Fisher Decl.).) Plaintiffs claim "Invoca wiretaps and redirects phone calls to its own servers" and therefore Invoca – not Defendant – must have recorded and stored the communications. (Opp'n at 1-2.) While Plaintiffs accuse Defendant of a "treacherous interpretation of the case study outlining Defendant's use of Invoca to monitor and record calls," (Opp'n at 3), the cited case study simply *does not say* Defendant used Invoca to record calls. Further, to the extent more is needed, Invoca has confirmed that it did not do so. Attached is a declaration from Invoca's Chief Financial Officer, Michael DiFilippo, which establishes Defendant never contracted for Invoca to provide such services and Invoca never rendered such services. (Decl. of Michael DiFilippo, attached hereto as **Exhibit A**.)[7]

**C. Plaintiffs' Unsubstantiated Request for Unspecified "Discovery" Does Not Save the Day.**

In their conclusion, seemingly as an afterthought, Plaintiffs request "discovery, as necessary, to oppose Defendant's controverted allegations." (Opp'n 11-13.) Plaintiffs, however, have failed to explain what they are controverting and *what* discovery they supposedly need. Indeed, the case Plaintiffs cite in support involved a factual challenge that was converted to a motion for summary judgment, which as explained above, this Motion should not be. *Vera v. Bureau of Indian Affs.*, 738 F. App'x 431, 432 (9th Cir. 2018). And, even there, the Court did not fault the District Court because the plaintiff's "requests for discovery were far from transparent." *Id.* ("To be sure, the merits of Vera's requests for discovery were far from transparent, and we do

[7] Local Rule 7-10 provides that a moving party may "serve and file a reply memorandum, and declarations or other rebuttal evidence."

not fault the district court for discounting them to some extent."). Plaintiffs, having opposed the Motion, cannot now defeat this factual challenge to their standing with a request for unidentified discovery.

## IV. CONCLUSION

Plaintiffs have failed to come forward with any evidence to controvert Defendant's challenge to their lack of Article III standing. As such, the Court must dismiss Plaintiffs' claims.

Respectfully submitted,

Dated: June 27, 2024

**POLSINELLI LLP**

By: */s/ Wesley D. Hurst*
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant 1-800-GOT-JUNK? LLC certifies that this brief contains 2,616 words as determined using the "word count" function in Microsoft Word, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: June 27, 2024

**POLSINELLI LLP**

By: */s/ Wesley D. Hurst*
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Jackson, Missouri. My business address is 900 W. 48th Street, Kansas City, Missouri 64112.

On June 27, 2024, I served a true copy of the following document described as **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on interested parties in this action as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiffs*** |

☐ **(BY MAIL)** By placing such document in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Polsinelli LLP following ordinary business practice. I am readily familiar with the practice at Polsinelli LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2024, at Kansas City, Missouri.

*/s/ Catherine A. Green*
Catherine A. Green