UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:24-cv-00047-HDV-MRW** | Date | July 12, 2024 |
| Title | ***Justin Serna et al. v. 1-800-GOT-JUNK? LLC*** | | |

Present: The Honorable Hernán D. Vera, United States District Judge

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER ALLOWING DECLARATIONS FROM NAMED PLAINTIFFS REGARDING THE PENDING MOTION TO DISMISS [17]**

Before the Court is Defendant's Motion to Dismiss the First Amended Class Action Complaint for lack of jurisdiction under Rule 12(b)(1). Specifically, Defendant attacks Plaintiffs' standing by means of several declarations purporting to call into question whether most of the named Plaintiffs did in fact contact the Defendant as alleged.

To resolve such a challenge under Rule 12(b)(1), the "court may review evidence beyond the complaint." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). But once "the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion *must* furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (emphasis added).

While Plaintiffs have failed to provide the necessary affidavits or evidence to rebut this initial showing (perhaps out of the mistaken belief that such evidence was

not necessary), the Court finds that judicial efficiency is best served here by allowing additional time for such evidence to be submitted prior to the Court entering a substantive order on the merits of the arguments presented.

To that end, the Court will allow Plaintiffs to file individualized declarations of the named Plaintiffs—by no later July 22, 2024—addressing the factual issues presented in the pending motion. The Court will defer further ruling on the present motion until after these declarations have been filed.

**IT IS SO ORDERED.**