Docusign Envelope ID: E09A9A67-B291-4D7A-B4C1-577F74265B3A


**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN SERNA, AARON RODRIGUEZ, REYHANEH MANSOORI, BRIAN MURPHY, GARY PALMER, JUSTIN BARNES, and AMELIA AMPONSEM individually and on behalf of all others similarly situated,

Plaintiffs,

v.

1-800-GOT-JUNK? LLC,

Defendant.

Case No.: 5:24-cv-00047-HDV-MRW

**DECLARATION OF PLAINTIFF JUSTIN SERNA IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Judge: Hon. Hernán D. Vera
Ctrm: Courtroom 5B

# DECLARATION OF JUSTIN SERNA

**I, JUSTIN SERNA, declare as follows:**

1. I am a named Plaintiff in the above-captioned action against Defendant 1-800-GOT-JUNK? LLC. ("Defendant").
2. I am over 18 years of age, and if called as a witness, I would competently testify to the matters herein from personal knowledge.
3. I am writing this declaration in support of Plaintiffs' Opposition To Defendant's Motion To Dismiss First Amended Class Action Complaint.
4. I, through my counsel, commenced this lawsuit on January 9, 2024, by filing a proposed class action complaint asserting claims under the California Invasion of Privacy Act, in particular, California Penal Code §§ 632 and 632.7.
5. In or about June 2022, I received a phone call from Defendant's customer service agents, while at my residence in Fontana, California, which I answered using a cordless telephone.
6. The purpose of the call was to inquire about a request I submitted online through Defendant's website.
7. When I received the call in or about June 2022, I do not recall hearing any automated or oral disclosure that the call was or would be recorded, whether immediately before or toward the beginning of the call.
8. However, even if Defendant disclosed that "all calls are recorded for quality assurance purposes," that disclosure is insufficient notice that the call recording would be performed by or shared with a third party. And I never consented to have Invoca or any other third party record or listen in to any calls.
9. Nor would the disclosure be sufficient to act as notice that the call recording would be used for purposes other than quality assurance, such as marketing and data analytics purposes, as alleged in the First Amended Complaint.
10. It was not until I conferred with and retained counsel on November 7, 2023, that I found out that the call I received from Defendant was being recorded.

Docusign Envelope ID: E09A9A67-B291-4D7A-B4C1-577E74265B3A


I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on 7/17/2024.

DocuSigned by:

70205E6241134E0...

Justin Serna