**POLSINELLI LLP**
WESLEY D. HURST (SBN 127564)
whurst@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

JOHN C. CLEARY
(admitted *pro hac vice*)
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 413-2837
Facsimile: (212) 684-0197
john.cleary@polsinelli.com

CATHERINE A. GREEN
(*pro hac vice* forthcoming)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112-1895
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
cgreen@polsinelli.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUSTIN SERNA, AARON RODRIGUEZ, REYHANEH MANSOORI, BRIAN MURPHY, GARY PALMER, JUSTIN BARNES, and AMELIA AMPONSEM, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

1-800-GOT-JUNK? LLC,

Defendant.

Case No. 5:24-cv-00047-HDV-MRW
[*Assigned For All Purposes to Hon. Hernán D. Vera, Courtroom 5B*]

**DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Date: July 11, 2024
Time: 10:00 a.m.
Judge: Hon. Hernán D. Vera
Place: Courtroom 5B

Complaint Filed: January 9, 2024
Trial Date: None Set

Defendant 1-800-GOT-JUNK? LLC ("Defendant") submits this supplemental reply memorandum in further support of its motion to dismiss filed on May 8, 2024 (ECF 21, 22).[1]

## I. UNCONTROVERTED FACTS COMPEL DISMISSAL OF PLAINTIFF SERNA.

Defendant's motion urges dismissal of Plaintiffs' claims as untimely and lacking Article III standing. The motion draws upon evidentiary materials outside the First Amended Class Action Complaint (the "Complaint") and thus raises a factual challenge to jurisdiction and timeliness. Defendant supported its motion with the Declaration of Thomas Peerless (ECF 22-1), which definitively established, among other things, that Plaintiff Serna called Defendant on June 29, 2022, was notified by "Lisa from Legal" that "all calls are recorded" and then promptly hung up the phone. If Mr. Serna had a basis to believe that this statement of fact was not true, settled Ninth Circuit law and Local Rule 7-9 required him to deny it under oath when he opposed the motion on June 20, 2024 (ECF 23). He did not do so. Ordered by the Court on July 12, 2024, to contravene contested facts with affidavits or declarations under oath (ECF 28), Mr. Serna again failed to deny the truth of this statement of fact when he submitted his Declaration on July 17, 2024 (ECF 32). Instead, the only call he testifies about, at Paragraphs 5, 6, and 7 of his Declaration, is an alleged call *from Defendant to him*.

The Peerless Declaration on behalf of Defendant established, based on an audio recording, the contents of a call in the other direction – *from Mr. Serna's phone to Defendant* - none of which is denied by Mr. Serna. The fact that Mr. Serna was provided with the "Lisa from Legal" notification is uncontroverted and compels the conclusion that Mr. Serna knew about call recording by Defendant as of June 29, 2022. There is no basis for him to claim that he has standing today. Further, since Mr. Serna failed to file suit until January 9, 2024 (over eighteen months after he had been advised there was call recording in place), his claim is time-barred and must be

[1] Defendant interprets Local Rules 7-9 and 7-10 as allowing replies upon the submission of further materials or arguments in opposition to a motion. Insofar as leave for further briefing or evidence submission by either side is permitted by the Court, Defendant may wish to elaborate on or further support the points made in this supplemental reply.

dismissed under the one-year statute of limitations applicable to California Invasion of Privacy Act claims. (Memo. in Support of Motion at 2 n. 3 (ECF 22).)

## II. ALLEGED "COLD CALLS" TO OTHER PLAINTIFFS CANNOT FORESTALL DISMISSAL.

After months of litigation, we now find out from the six other Declarations filed on July 17, 2024 (ECF 32-1 to 32-6), that the sole basis for claims by Plaintiffs Aaron Rodriguez, Reyhaneh Mansoori, Brian Murphy, Gary Palmer, Justin Barnes, and Amelia Amponsem a/k/a Amelia Amponsen is a single "cold call" to each individual in 2022 or 2023, purportedly from "Defendant's customer service agents" and seemingly with a "purpose" outside the personal knowledge of each Declarant based on the Declarations, yet attested to anyway. (ECF 32-1 to 32-6, Paragraph 6 ("The purpose of the call was to inquire whether I was in the market for Defendant services.").)

First, it is now uncontroverted that the Peerless Declaration was correct when it attested that there are no records of calls to Defendant from these individuals.[2]

Second, conspicuously missing from any of the Declarations is any indication that these Plaintiffs have elected to share their telephone numbers and contact details with Defendant, to enable Defendant to ascertain the status of these individuals more definitively (as was done with Mr. Serna and Plaintiff Valerie Torres in the prior related case, *Torres v. 1-800-GOT-JUNK? LLC*, No. 2:23-cv-02916-HDV-MRW). As such, the other half of the Peerless Declaration has not been controverted either. There is still no record at Defendant of any calls to these six individuals from Defendant (and no ability of Defendant to revisit or expand upon any searching done to date based on the Declarations). This is wholly the fault of Plaintiffs, and the factual record on this motion will need to be closed in its current state, with Plaintiffs having failed to meet their burden of establishing subject matter jurisdiction. And, given the record in this case and the prior related

---

[2] The putative call from a "Brian Murphy" to Defendant (Peerless Decl, ¶ 9 (ECF 22-1)) is obviously someone else, since Plaintiff Murphy has attested that *Defendant called him*, not the other way around. (Murphy Decl., ¶¶ 5-7 (ECF 32-3).)

*Torres* case, an adverse inference would certainly be appropriate against Plaintiffs other than Mr. Serna who have opted not to disclose their phone numbers and contact details as first requested by Defendants on March 28, 2024.

Third, and perhaps most importantly, this factual record is governed by the same rules of evidence that govern other contested factual matters in this Court. As explained below, there are innumerable evidentiary problems with the boilerplate allegations of fact in the Declarations, made on a nearly identical word-for-word basis by each Plaintiff.

## III. THE DECLARATIONS CONTAIN INADMISSIBLE MATERIAL AND MUST BE STRICKEN.

The Declarations are replete with hearsay, missing foundations and predicates, other gaps in evidence and logic, speculation not based on personal knowledge, and legal arguments and opinions. None of this is admissible, and the Declarations should be stricken on that basis.

The following examples should suffice to make the point, but others are apparent from the face of the Declarations themselves.

- The Declarations do not lay any the foundation to establish how Plaintiffs claim to know the callers were allegedly “Defendant’s customer service agents.” (Declarations at ¶ 5).

- The Declarations do not lay any foundation to establish how Plaintiffs claim to know the “purpose of the call” or other details clearly not within the personal knowledge of the Declarant. (*Id.* at ¶ 6).

- The Declarations contain impermissible legal arguments and legal opinions. (*Id.* at ¶¶ 8-9).

- The Declarations do not provide any factual basis for Plaintiffs’ alleged injury-in-fact or traceability, essential elements of the required showing of Article III standing. Indeed, these key portions of the required factual showing are somehow “delegated” to Plaintiffs’ counsel, with the Declarants expressly invoking the hearsay statements of their counsel regarding Defendant’s alleged call recording practices. (*Id.* at ¶ 10). Textbook hearsay of this nature is not admissible and certainly not acceptable for the purpose of establishing subject matter jurisdiction.

## CONCLUSION

Accordingly, for the reasons set forth above and in Defendant's Motion to Dismiss and Reply, Defendant respectfully requests that its motion to dismiss be granted.

Respectfully Submitted,

Dated: July 19, 2024

**POLSINELLI LLP**

By: */s/ Wesley D. Hurst*
Wesley D. Hurst
Attorneys for Defendant 1-800-GOT-JUNK? LLC

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

On July 19, 2024, I served a true copy of the following document described as **DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO DISMISS** on interested parties in this action as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 | ***Attorneys for Plaintiffs*** |

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 19, 2024, at Los Angeles, California.

/s/ Cindy M Cripe (signature)

Cindy Cripe