UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SERNA et al.<br><br>Plaintiffs,<br><br>v.<br><br>1-800-GOT-JUNK? LLC,<br><br>Defendant. | Case No.: 5:24-cv-00047-HDV-MRW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

## I. INTRODUCTION

Plaintiffs Justin Serna, Aaron Rodriguez, Reyhaneh Mansoori, Brian Murphy, Gary Palmer, Justin Barnes, and Amelia Amponsem bring this class action against Defendant, 1-800-GOT-JUNK? LLC, a waste management company that provides junk removal to residential customers. Plaintiffs assert that Defendant violated the California Invasion of Privacy Act ("CIPA"), Cal Penal Code § 632 and Cal Penal Code §632.7, by recording its customers' phone calls.

Before the Court is Defendant's Motion to Dismiss the First Amended Complaint ("Motion"), brought under Fed. R. Civ. P. 12(b)(1), seeking dismissal primarily on the ground that this Court lacks subject matter jurisdiction. Defendant argues that Plaintiffs have not suffered any injury—and therefore lack standing—because the transcripts of Plaintiffs' two initial phone calls with Defendant include a clear statement that the calls were being recorded.

For the reasons discussed below, the Court finds that Plaintiffs ***have*** adequately alleged injury. Plaintiffs aver in sworn declarations that after the initial contact they received return calls from Defendant's representatives, and that they do not recall any mention that their telephone conversations were being recorded. Defendant's declarations do not address these return calls.

The Motion is denied.

## II. BACKGROUND

Defendant is a privately owned junk removal franchise founded in 1989 which operates in the United States, Canada, and Australia. FAC ¶ 18. Defendant is currently one of the leading junk removal companies in the United States with a yearly revenue of over $400 million. *Id*. To request Defendant's services, potential customers call the phone number 1-800-GOT-JUNK. *Id*. ¶ 19. Defendant also uses other customer service numbers in subsequent calls with customers. *Id*.

Per the First Amended Complaint ("FAC"), after Plaintiffs called 1-800-GOT-JUNK, they received a call from one of Defendant's other customer service numbers

regarding their requests. *Id.* ¶ 7–13. During these calls, personal and confidential information was shared with Defendant. *Id.* Plaintiffs allege that they were not told that the calls were being recorded and, in any event, that they did not consent to any recordings. *Id.* Plaintiffs contend that they had a reasonable expectation that their communications were "confidential" and not recorded. *Id.*

The FAC was filed on March 25, 2024. [Dkt. No. 17]. Defendant filed the present Motion on May 8, 2024. [Dkt. No. 21]. At the hearing on July 11, 2024, the Court allowed Plaintiffs to file declarations to establish various facts proffered at oral argument but not included in the papers. [Dkt. No. 28]. Plaintiffs filed the requested declaration on July 17, 2024, [Dkt. No. 32], and Defendant filed an additional reply on July 19, 2024. [Dkt. No. 33].

## III. LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure**.** The party mounting a Rule 12(b)(1) challenge may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "With a factual Rule 12(b)(1) attack ... a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted). In deciding a Rule 12(b)(1) motion that raises a factual attack, courts "may weigh the evidence presented, and determine the facts in order to evaluate whether they have power to hear the case." *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011).

## IV. DISCUSSION

### A. Standing

The constitutional minimum to properly allege standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Defendant argues that there is no factual basis for Plaintiffs' claims of injury-in-fact. Motion at 3–4. Specifically, Defendant contends that Defendant searched its system for phone calls with Plaintiffs and could only identify two named Plaintiffs with recorded calls in Defendant's system.[1] *Id*. Defendant also maintains that, on those two recorded calls, the Plaintiffs were promptly greeted with an automated message at the start of the calls stating "Hi, it's Lisa from Legal. Just letting you know all calls are recorded for quality assurance purposes." *Id*. at 3. In short, the crux of Defendant's argument is that because there are no records of call recordings *without* the automated message, Plaintiffs do not have Article III standing. *Id*. at 3

The Court finds that Plaintiffs *have* demonstrated injury-in-fact sufficient to meet the purposes of Article III standing. Plaintiffs' declarations specifically aver that they received phone calls from Defendant's customer service agents and that they do not recall these calls including *any* recording alerting them to the recording. *See* Decls. ¶ 7. [Dkt. No. 32]. In addition, Plaintiffs assert that they learned that the calls were recorded when they retained counsel on November 7, 2023. *Id*. ¶ 10. These declarations are sufficient to allege standing, at least for pleading purposes. *Cf. Licea v. Cinmar*, LLC, 659 F. Supp. 3d 1096, 1103 (C.D. Cal. 2023) (finding that the

---

[1] Defendant points out that it located a call recording from a Bryan Murphy, though the named Plaintiff here is Brian Murphy. Defendant notes that it is unable to confirm if the call is associated with the correct Brian.

plaintiffs' allegations that the defendant did not inform the plaintiffs "or any of the [c]lass [m]embers, that [d]efendant was secretly recording their communications" properly alleged standing).[2]

**B. CIPA's One-Year Statute of Limitations**

In a footnote, Defendant also argues that CIPA's one-year statute of limitations (Cal. Civ. Proc. Code § 340) bars Plaintiffs' claims as a matter of law because the underlying phone calls occurred more than one year before Plaintiffs filed suit. *See* Motion at 2, n.3.

The Court finds that the allegations in the FAC are sufficient to maintain a claim on a "delayed discovery" theory. In general, "a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016)*; see also Balanzar v. Fid. Brokerage Servs., LLC*, 654 F. Supp. 3d 1075 (S.D. Cal. 2023) ("A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

Here, Plaintiffs allege that they were unaware of the recordings until they met with counsel on November 7, 2023. *See* FAC ¶ 13; Opp. at 10; Decls. ¶ 10. The allegation is plausible and sufficient for pleading purposes to avoid the statute of limitations challenge.

---

[2] The Court also notes that Defendant's declarations do not address these return calls; they only assert that the recording was played in the *initial* calls. *See* Declaration of Thomas Peerless ("Peerless Decl.") [Dkt. No. 22-1]. Indeed, at oral argument, Defendant's counsel tried to address this difference by arguing that Plaintiffs should have been on "notice" of this recording practice during any subsequent calls. But that is a question of fact that cannot be decided at this stage. Plaintiffs have alleged that they participated in phone calls with Defendant and that Plaintiffs were unaware that the calls were being recorded. This is enough.

## V. CONCLUSION

For the reasons stated herein, the Motion to Dismiss is denied.

Dated: August 6, 2024

Hernán D. Vera
United States District Judge