**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
Lori Chang (SBN 228142)
*ChangL@gtlaw.com*
Adam M. Korn (SBN 333270)
*Adam.Korn@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

*Attorneys for Defendant*
*1-800-GOT-JUNK? LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

JUSTIN SERNA et al.,

*Plaintiffs*,

v.

1-800-GOT-JUNK? LLC,

*Defendant*.

CASE NO. 5:24-cv-00047-HDV-MRW

Hon. Hernán D. Vera

**1-800-GOT-JUNK? LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

Date: October 31, 2024
Time: 10:00 A.M.
Complaint Filed: 1/9/2024

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 31, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Hernán D. Vera of the United States District Court for the Central District of California, First Street Courthouse, located at 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012, Defendant 1-800-GOT-JUNK? LLC ("1-800-GOT-JUNK" or "Defendant") will and hereby does move for an order for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because the First Amended Class Action Complaint ("FAC") filed by Plaintiffs Justin Serna, Aaron Rodriguez, Reyhaneh Mansoori, Brian Murphy, Gary Palmer, Justin Barnes, and Amelia Amponsem, ("Plaintiffs") fails to state sufficient facts to state a cause of action under California Penal Code §§ 632, 632.7.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed concurrently herewith, the records and the files in this action, and such oral argument as may be presented at the hearing on this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 13, 2024.

DATED: GREENBERG TRAURIG, LLP

By */s/ Rebekah Guyon*
Rebekah S. Guyon
Lori Chang
Adam Korn

*Attorneys for Defendant*
*1-800-GOT-JUNK? LLC*

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL ALLEGATIONS ..... 1

III. LEGAL STANDARD ..... 2

IV. ARGUMENT ..... 3

- A. The FAC Fails To Allege 1-800-GOT-JUNK's Requisite Intent Under CIPA §§ 632 And 632.7 ..... 3
- B. The Section 632 Claim Fails For Additional Reasons ..... 6
  - 1. Section 632 Does Not Apply to Cell Phones ..... 6
  - 2. The FAC Does Not Plausibly Allege Plaintiffs' Communications With 1-800-GOT-JUNK Were Confidential ..... 7

V. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 2, 3

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*,
637 F.3d 1047 (9th Cir. 2011) ........ 2

*Doe I v. Google LLC*,
No. 23-CV-02431-VC, 2024 WL 3490744 (N.D. Cal. July 22, 2024) ........ 4

*Ewing v. Empire Cap. Funding Grp., Inc.*,
No. 17CV2507-LAB (MDD), 2019 WL 157660 (S.D. Cal. Jan. 10, 2019) ........ 6, 7

*Faulkner v. ADT Security Servs., Inc.*,
706 F.3d 1017 (9th Cir. 2013) ........ 9

*Fleming v. Pickard*,
581 F.3d 922 (9th Cir. 2009) ........ 3

*Galaxia Elecs. Co. v. Luxmax, U.S.A.*,
No. LACV1605144JAKGJSX, 2023 WL 2347085 (C.D. Cal. Feb. 1, 2023) ........ 8

*Pepper v. Charitable Res. Found., Inc.*,
No. 2:14-CV-02573-SVW-FFM, 2014 WL 12961327 (C.D. Cal. Oct. 14, 2014) ........ 6, 7

*Simpson v. Best W. Int'l, Inc.*,
No. 3:12-CV-04672-JCS, 2012 WL 5499928 (N.D. Cal. Nov. 13, 2012) ........ 6

*Vartanian v. VW Credit, Inc.*,
2012 WL 12326334 (C.D. Cal. Feb. 22, 2012) ........ 3, 5, 7

**State Cases**

*Flanagan v. Flanagan*,
27 Cal. 4th 766 (2002) ........ 7

*Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454 (2014) .......... 6, 8

*Lozano v. City of L.A.*, 73 Cal. App. 5th 711 (2022) .......... 5

*People v. Buchanan*, 26 Cal. App. 3d 274 (1972) .......... 4, 5

*People v. Sup. Ct. of L.A. Cnty.*, 70 Cal. 2d 123 (1969) .......... 4

*Rojas v. HSBC Card Services Inc.*, 20 Cal. App. 5th at 435 .......... 5

**State Statutes**

Cal. Pen. Code § 632 .......... 1, 2, 3, 4, 5, 6, 7, 8, 9

Cal. Pen. Code § 632(a) .......... 3, 4

Cal. Pen. Code § 632.7 .......... 1, 2, 3, 6

Cal. Pen. Code § 632.7(a) .......... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2

Fed. R. Civ. P. 12(c) .......... 2, 3

## I. <u>INTRODUCTION</u>

Defendant 1-800-GOT-JUNK? LLC ("1-800-GOT-JUNK" or "Defendant") is entitled to judgment on the pleadings because Plaintiffs do not and cannot allege a claim for unlawful eavesdropping based on phone calls allegedly made for junk removal services. Plaintiffs' claims under sections 632 and 632.7 of the California Invasion of Privacy Act ("CIPA") fail for several, independent reasons. First, Plaintiffs do not establish that 1-800-GOT-JUNK acted with the requisite *intent* required under both §§ 632 and 632.7. Simply alleging a call recording is not enough to establish a specific intent to record a proscribed call. Nor can Plaintiffs rely on conclusory allegations of intent to support their claims under either Count I or II of the First Amended Complaint ("FAC"). Second, Plaintiffs' § 632 claim fails for the additional reason that Plaintiffs do not allege that the calls were received on a landline—indeed, some Plaintiffs even allege that they received the calls in their "vehicle," making clear that these were alleged cell phone calls, which are not actionable under § 632. Third, even if Plaintiffs could allege that a landline was used (which they have not), they do not and cannot demonstrate that the alleged calls inquiring about junk removal were in fact *confidential communications* (or that 1-800-GOT-JUNK intended to record communications that were confidential), in order to state a claim under § 632. Thus, for each of these reasons, judgment should be entered in favor of 1-800-GOT-JUNK.

## II. <u>FACTUAL ALLEGATIONS</u>

Plaintiffs allege that they received calls from 1-800-GOT-JUNK offering junk removal services. FAC ¶¶ 7-13. They each make the same conclusory allegations: Plaintiffs "discussed personal and confidential matters with one of Defendant's agents," Plaintiffs were "never told that the calls were being recorded," and they "never consented to the recording." *Id.* Plaintiffs do not allege specific facts or details about the substance of those calls, only that "Defendant's agents inquired about [Plaintiffs'] need for Defendant's services." *Id.* Plaintiffs also do not allege that they actually disclosed private or sensitive information on these alleged calls where 1-800-GOT-JUNK allegedly merely inquired about their need for junk removal. Nor do Plaintiffs allege the specific circumstances of

each alleged call, other than nondescript allegations that the calls took place at "home" or "inside of [Plaintiff's] personal vehicle." *Id.* There are no allegations to suggest that Plaintiffs were alone at the time of the alleged calls, or that the calls could not be overheard.

Plaintiffs further allege that 1-800-GOT-JUNK "record[ed] [the alleged] call and captured the contents of [Plaintiffs'] communication with the live agent using Invoca's software." *Id.* ¶¶ 7-13. The FAC alleges that Invoca provides "a suite of tools that are focused on optimizing marketing campaigns and audience management by allowing companies to monitor and analyze customer-agent phone interactions," for the purpose of "gain[ing] insight about the customer's purchasing journey" by, for example, "identify[ing] whether customer calls are being placed from numbers on their webpages or marketing campaigns." *Id.* ¶ 23. Plaintiffs allege that 1-800-GOT-JUNK implemented Invoca's "call recording and monitoring features" in an effort to "improve its [own] marketing campaigns." *Id.* ¶ 24. The premise for this conclusory assertion is an alleged advertising brochure by Invoca stating that its software enables 1-800-GOT-JUNK to "record[] the call outcome," which Plaintiffs rely on to then conclude that "Defendant deliberately monitors and records customer phone calls and shares them with third parties for marketing purpose." *Id.* ¶ 25. But that assumption is belied by the cited publication which refers to the use of Invoca to record "call outcomes" and not the alleged calls themselves. *See id.* ¶¶ 25-26.

On the bases of these thin and unsubstantiated allegations, Plaintiffs assert two claims for relief under CIPA sections 632 and 632.7.

## III. LEGAL STANDARD

The standard under Rule 12(c) is "functionally identical" to Rule 12(b)(6), which evaluates the pleadings under the "plausibility" standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055, n. 4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule."). Thus, the allegations must 'plausibly suggest an entitlement to relief.' *Ashcroft*, 556

U.S. at 681. Accordingly, a Rule 12(c) motion should be granted when the face of the pleadings demonstrates "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## IV. ARGUMENT

### A. The FAC Fails To Allege 1-800-GOT-JUNK's Requisite Intent Under CIPA §§ 632 And 632.7

1-800-GOT-JUNK is entitled to judgment on Counts I and II because Plaintiffs fail to allege facts establishing 1-800-GOT-JUNK's requisite intent under CIPA §§ 632 and 632.7. Cal. Penal Code §§ 632 (a), 632.7. Both sections expressly only apply to "intentional" wiretapping or recording of certain types of communications. *See* Cal. Penal Code § 632(a) (imposing liability only on a person who, "*intentionally* and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the *confidential* communication") (emphasis added); *id.* § 632.7 (defendant must "intentionally" record a communication between certain types of telephones and/or telephone lines). Section 632.7 requires an intent to record a communication transmitted between two phones lines involving either a cellular or cordless telephone. Cal. Penal Code § 632.7(a). Section 632, by contrast, specifically requires an intent to record a *confidential* communication, including confidential communications that occur by telephone. *Id.* § 632(a).

Plaintiffs' allegations of intentional conduct by 1-800-GOT-JUNK are conclusory at best. Plaintiffs merely alleges that 1-800-GOT-JUNK "intentionally monitored and recorded telephonic communications." FAC ¶¶ 41, 52. Such conclusory allegations are insufficient to allege violations of CIPA under sections 632, 632.7. *Vartanian v. VW Credit, Inc.*, 2012 WL 12326334, at *2 (C.D. Cal. Feb. 22, 2012) (rejecting plaintiff's "conclusory assertions" of intent). Further, as legal conclusions, bald allegations that 1-800-GOT-JUNK "intentionally" recorded Plaintiffs' communications are not presumed true. *Iqbal*, 556 U.S. at 678 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," and pleadings that are "no more than conclusions, are not entitled to the assumption of truth."). Moreover, these allegations are premised on 1-800-GOT-JUNK's use of the Invoca software (*see* FAC ¶¶ 23-26), and the FAC alleges that 1-800-GOT-JUNK's intended use of Invoca's software was to record "specific details" about "call outcomes" to be recorded in its "customer relationship management (CRM) platform." *Id.* ¶ 25. While these allegations may suggest that 1-800-GOT-JUNK used Invoca with the intent to record "call outcomes" (i.e., information about the calls), they do not demonstrate an intent to use Invoca to record the actual phone calls (i.e., the alleged telephone communications themselves). Plaintiffs' claims under Counts I and II therefore fail on this basis alone. *See Doe I v. Google LLC,* No. 23-CV-02431-VC, 2024 WL 3490744, at *6 (N.D. Cal. July 22, 2024) (dismissing multiple CIPA claims including under § 632 because "CIPA liability only extends to willful or intentional conduct, so even if some private health information is inadvertently sent to Google—and subsequently gets integrated into the reports—the plaintiffs fail to plausibly allege Google is intentionally reading or learning the contents of the plaintiffs' private health communications.").

Plaintiffs also do not and cannot state a claim under CIPA § 632 for the additional reason that the FAC does not establish that 1-800-GOT-JUNK *intentionally* recorded a *confidential communication*. Section 632(a) prohibits "[a] person" from "intentionally … us[ing] an electronic amplifying or recording device to eavesdrop upon or record [] confidential communication[s]" "without the consent of all parties" to the communication. Cal. Penal Code § 632(a). Thus, § 632 applies only to someone who "intentionally" records or eavesdrops on a *confidential* communication. Cal. Penal Code § 632(a); *People v. Sup. Ct. of L.A. Cnty.*, 70 Cal. 2d 123, 133 (1969) ("it is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a confidential communication."); *see also People v. Buchanan*, 26 Cal. App. 3d 274, 288 (1972) (CIPA § 632 "expressly appl[ies] only to intentional wiretapping and eavesdropping"). Plaintiffs fail to plausibly allege facts suggesting 1-800-GOT-JUNK actually intended to record a *confidential* communication—as opposed to any other

information—as § 632 requires. *Lozano v. City of L.A.*, 73 Cal. App. 5th 711, 728 (2022) (section 632 requires "an intent to record a confidential communication, rather than simply an intent to turn on a recording apparatus which happened to record a confidential communication."). To properly plead a § 632 claim, Plaintiffs must allege "specific factual circumstances that make plausible Defendant's intent to record a confidential communication." *Vartanian*, 2012 WL 12326334, at *2. This requires establishing that 1-800-GOT-JUNK acted "'with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that [its] use of the [recording] equipment will result in the recordation of a confidential conversation.'" *Id.* at 727 (construing § 632's requirement of "proof of '*intentional* conduct' to establish a statutory violation," and citing *People v. Superior Court (Smith)*, 70 Cal. 2d 123, 134 (1969)); *Rojas v. HSBC Card Services Inc.*, 20 Cal. App. 5th at 435 (stating the same). The complaint's allegations do not come close to meeting this standard. All that is alleged is that 1-800-GOT-JUNK recorded calls for the purpose of "improv[ing] its marketing campaigns," FAC ¶ 24, not that it intended, desired, or "knew to a substantial certainty" that it was recording allegedly confidential communications. *Rojas*, 20 Cal. App. 5th at 435. But it is not enough to simply allege the use of a recording device absent *specific* allegations establishing an *intent to record a confidential communication*. *See Lozano*, 73 Cal. App. 5th at 727-28 (holding the "deploy[ment of] recording devices that might happen" to record confidential conversations is insufficient to establish intent under § 632). Plaintiffs fail to even plausibly allege any facts suggesting that 1-800-GOT-JUNK could have known that any product it used could be used to record confidential communications with customers, let alone that 1-800-GOT-JUNK intended to use such products to record confidential customer calls. *See id.* ("[A] person might intend to record the calls of wild birds on a game reserve and at the same time accidentally pick up the confidential discussions of two poachers. To hold the birdwatcher punishable under [CIPA] for such a fortuitous recording would be absurd."); *Buchanan*, 26 Cal. App. at 287-88 (finding no intent under § 632 for "inadvertent" overhearing of telephone conversation). Plus, it would be unreasonable to assume—

especially where the FAC does not allege with any facts—that customers requesting 1-800-GOT-JUNK's services would discuss confidential information with 1-800-GOT-JUNK.

Accordingly, because Plaintiffs fail to allege the requisite intent under sections 632 and 632.7, judgment should be entered in favor of 1-800-GOT-JUNK.

### B. The Section 632 Claim Fails For Additional Reasons

#### 1. Section 632 Does Not Apply to Cell Phones

Plaintiffs' CIPA § 632 claims fail because they do not plead use of a landline—indeed, some allegations affirmatively establish that the alleged calls were made to cell phones and thus are not actionable under CIPA § 632. Courts have generally recognized that Section 632 applies only to landline phones, not cell phones. *See Ewing v. Empire Cap. Funding Grp., Inc.,* No. 17CV2507-LAB (MDD), 2019 WL 157660, at *2 (S.D. Cal. Jan. 10, 2019) (dismissing CIPA claim under § 632 because under the statute, "'telephone' means a landline telephone"); *Pepper v. Charitable Res. Found., Inc.*, No. 2:14-CV-02573-SVW-FFM, 2014 WL 12961327, at *3 (C.D. Cal. Oct. 14, 2014) (granting defendant judgment on the pleadings on the basis that "§ 632 does not apply to calls involving one or more cellular telephones," finding "The California Court's careful distinction [] between cellular and landline telephone calls suggests that it would hold that § 632 is limited to calls involving only landline telephones."); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1469 (2014) (denying class certification because the CIPA claims require individualized inquiry to "determine what type of telephone was used to receive the subject call," and stating that section 632 applies to only "landline communications"); *see also Simpson v. Best W. Int'l, Inc.*, No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *8 (N.D. Cal. Nov. 13, 2012) (legislative history indicates "§ 632 only applied to communications made on landlines and not to communications made on cellular or cordless phones").

Plaintiffs do not allege that the calls were received on landlines. The FAC does not specifically identify the type of phone used by each Plaintiff, and thus have not adequately

alleged an actionable claim based on use of a landline.[1] Indeed, for at least Plaintiffs Aaron Rodriguez, Reyhaneh Mansoori, and Justin Barnes, the allegations make clear that the calls were received on a cell phone because they each allege that the call took place inside their "personal vehicle." *See* FAC ¶ 8 ("The phone call took place while Mr. Rodriguez was . . . inside of his personal vehicle."); FAC ¶ 9 ("The phone call took place while Ms. Mansoori was . . . inside of her personal vehicle."); FAC ¶ 12 ("The phone call took place while Mr. Barnes was . . . inside of his personal vehicle."). 1-800-GOT-JUNK is therefore entitled to judgment as a matter of law on Count I of the FAC because Plaintiffs do not allege use of a landline, and calls received on cell phones are not actionable under CIPA § 632. *Ewing*, 2019 WL 157660, at *2 (dismissing Section 632 claim "predicated on calls made to his cell phone"); *Pepper*, 2014 WL 12961327, at *3 (same).

**2. The FAC Does Not Plausibly Allege Plaintiffs' Communications With 1-800-GOT-JUNK Were Confidential**

Plaintiffs' § 632 claims fail for the additional reason that they cannot establish that the alleged calls constitute confidential communications under the statute. A confidential communication is one where a party has a "reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 777 (2002). CIPA § 632 expressly excludes any communication made in any "circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code§ 632(c). Therefore, as courts have held, a communication is only "confidential" under section 632 if a party to the conversation has an "objectively reasonable expectation that the conversation will not be overheard or recorded." *Vartanian*, 2012 WL 12326334, at *3 (dismissing § 632 claim where "Plaintiff

---

[1] In fact, Plaintiffs each submitted declarations stating that they answered the alleged calls "using a cordless telephone"—not a landline. *See* ECF Nos. 32 through 32-6 (paragraph 5 in each of Plaintiffs' virtually identical declaration state that the alleged calls were "answered using a cordless telephone"). Either way, the Court need not rely on these declarations to grant judgment in favor of 1-800-GOT-JUNK because the FAC on its face fails to allege facts demonstrating the calls were made to landlines.

fails to allege a single fact indicating that he had an 'objectively reasonable expectation that the conversation [was] not being overheard or recorded.'" (citing *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774-75 (2002)).

Plaintiffs do not and cannot plead facts demonstrating that their alleged communications with 1-800-GOT-JUNK were confidential. Here, all Plaintiffs merely allege that they "discussed personal and confidential matters with one of Defendant's agents" and were "never told that the calls were being recorded." FAC ¶¶ 7-13. Indeed, Plaintiffs do not even allege that they were alone when the spoke with 1-800-GOT-JUNK.

These conclusory allegations are repeated verbatim for all Plaintiffs. *See id.* But it is not enough to simply allege that 1-800-GOT-JUNK did not tell them that the calls would be recorded. "[N]othing in the language of *section 632* or the case law interpreting 'confidential communication' suggests that recording a conversation without advising the other party constitutes a per se violation of the statute." *Hataishi*, 223 Cal. App. 4th at 1467. Plaintiffs' conclusory and self-serving characterizations are insufficient to establish that the alleged calls were confidential communications under CIPA § 632. *See Galaxia Elecs. Co. v. Luxmax, U.S.A.*, No. LACV1605144JAKGJSX, 2023 WL 2347085, at *33 (C.D. Cal. Feb. 1, 2023) ("[Plaintiffs'] allegations that the recorded conversation was 'confidential' and 'regarding the parties' business' are conclusory, they do not adequately state a claim under Cal. Pen. Code § 632."). Instead, Plaintiffs "must allege additional facts regarding the circumstances of the conversation that lead to the plausible conclusion that the conversation was attended by an objectively reasonable expectation of confidentiality" under CIPA § 632, *id.*—which Plaintiffs have not done, even after having amended their complaint once already in the face of a pleading challenge on this same ground.[2]

Plaintiffs' inability to "allege facts that would lead to the plausible inference that [each of the alleged calls] was a confidential communication" is fatal to their claims under

[2] 1-800-GOT-JUNK previously filed a motion to dismiss the original complaint on the basis that Plaintiffs failed to plead a factual basis for a confidential communication under § 632. *See* ECF No. 16 at p.14. That motion was mooted by the filing of the FAC.

§ 632. *See Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013). In *Faulkner*, the Ninth Circuit affirmed dismissal of a CIPA § 632 claim against ADT Security Services, Inc. where the plaintiff merely alleged his conversations were confidential "because they [were] carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." *Id.* The Ninth Circuit concluded "such bald legal conclusions" are "no more than a 'threadbare recital' of the language of Section 632, precisely the kind that *Iqbal* prohibits" and "do not suffice" to prevail over a motion to dismiss. *Id.* As explained in *Faulkner*, "[i]n the context of a business-related telephone call, courts have looked to the circumstances surrounding the call to divine whether the standard has been met, including the 'nature of [the defendant's] business and the character of the communications.'" *Id.* But while the Court surmised that there might be circumstances where "the character of the communications between a customer and a home security company could plausibly constitute a confidential communication," in *Faulkner*—as is the case here—"too little is asserted in the complaint about the particular relationship between the parties, and the particular circumstances of the call, to lead to the plausible conclusion that an objectively reasonable expectation of confidentiality would have attended such a communication." *Id.* Further, "the nature of ADT's business and the character of the call would not alone provide for such an objectively reasonable expectation." *Id.* at 1019. Just as calls with a home security company were not deemed presumptively confidential in *Falkner*, calls regarding 1-800-GOT-JUNK's waste removal services company do not warrant an expectation of confidentiality based on the nature of its business.

Accordingly, Plaintiffs' claims under § 632 fail as a matter of law on this additional, separate ground.

## V. <u>CONCLUSION</u>

For the above reasons, 1-800-GOT-JUNK respectfully requests that the Court grant its Motion for Judgment on the Pleadings on Counts I and II of Plaintiffs' First Amended Complaint.

DATED: September 20, 2024

Respectfully submitted,

GREENBERG TRAURIG, LLP

By *<u>/s/ Rebekah Guyon</u>*
Rebekah S. Guyon
Lori Chang
Adam Korn

*Attorneys for Defendant*
*1-800-GOT-JUNK? LLC*